UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CARDENAS, Jr., | No. 2:19-cv-1066 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| B.S. EDWARDS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment. Presently before the court is plaintiff's amended complaint for screening (ECF No. 14). For the reasons set forth below, the court will dismiss the complaint with leave to amend.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

////

2

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Amended Complaint**

Plaintiff states that correctional officers Edward and Brooks violated his rights by allowing an inmate to perform Cardiopulmonary Resuscitation (CPR) and give him mouth-to-mouth resuscitation. (ECF No. 14 at 1.) Plaintiff further states that Edwards failed to give plaintiff mouth-to-mouth or oxygen and allowed an untrained inmate to perform CPR. (ECF No. 14 at 2.) Plaintiff alleges that the amount of time that elapsed and the lack of oxygen caused plaintiff to suffer cognitive deficits and loss his vision.

**III.    Failure to State a Claim under § 1983**

Plaintiff's amended complaint does not contain sufficient facts to state a cognizable § 1983 claim. Plaintiff concludes that the defendants acted with callous indifference and failed to perform their life saving duties because an inmate performed CPR.

The "[f]ail[ure] to provide CPR or other life-saving measures to an inmate in obvious need can provide the basis for liability under § 1983 for deliberate indifference." Lemire v. Calif. Dep't of Corr. And Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013). However, a prison official's failure to perform CPR is not per se deliberately indifferent. See Cartwright v. City of Concord, 856 F.2d 1437 (9th Cir. 1988) (holding officers' failure to administer CPR during five to seven minute period between discovery of unconscious inmate and arrival of emergency medical crews was not deliberately indifferent); Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir.

////

3

1986) (holding there is no affirmative duty on the part of officers to render CPR in any and all circumstances).

Thus, the court finds that plaintiff has failed to state sufficient facts to show that the defendants' actions violated his rights. Here, plaintiff has alluded to a serious medical need by indicating that he required CPR and alleged that he was harmed by the failure to provide CPR. (ECF No. 1 at 2.) However, the complaint does not contain facts from which the court could conclude that defendants' response was deficient. Additionally, plaintiff has not provided facts indicating where or when the incident occurred. The court notes that some of these details were included in the original complaint. (ECF No. 1). Plaintiff is reminded that an amended complaint supersedes any prior pleading and that each complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.

**A. Amending the Complaint**

As set forth above, plaintiff has failed to allege facts sufficient to state a claim. However, he will be given one final opportunity to state a cognizable claim in an amended complaint. Plaintiff is warned that a repeated failure to correct the identified deficiencies could result in a recommendation that this action be dismissed. See See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. All claims must be included in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

4

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 14) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint

5

must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 18, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1Orders/Prisoner/Civil.Rights/card1066.scrn2