UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CARDENAS, Jr., | No. 2:19-cv-1066 MCE DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B.S. EDWARDS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment. This action was closed on August 13, 2020. (ECF Nos. 20, 21.) Presently before the court is plaintiff's motion to vacate the findings and recommendations. (ECF No. 22.) For the reasons set forth below, the court will recommend that plaintiff's motion to vacate be granted and this action be reopened for the limited purpose of allowing plaintiff to file objections.

**I.     Backgrounds**

The undersigned issued findings and recommendations on March 16, 2020 because plaintiff had failed to state any potential cognizable claims and failed to cure the defects noted in the prior screening orders. (ECF No. 17.) The findings and recommendations indicated that any objections should be filed within fourteen days. (Id.) The record reflects that after the findings and recommendations were issued, plaintiff informed the court that he had been transferred to Atascadero State Hospital on April 30, 202 (ECF No. 18) and then to Mule Creek State Prison on

May 19, 2020 (ECF No. 19).  Following the second notice of change of address, the March 16, 2020 findings and recommendations were re-served on plaintiff at his new address.

Plaintiff did not file objections or request additional time to file objections.  The district judge assigned to this action adopted the March 16, 2020 findings and recommendations on August 13, 2020 and judgment was entered.  (ECF Nos. 20, 21.)  On August 24, 2020, plaintiff filed the instant motion to vacate the judgment.  (ECF No. 22.)

**II.     Plaintiff's Motion**

Plaintiff states that he did not receive the court's March 16, 2020 findings and recommendations.  He indicates that he has not been able to use the law library for research due to the COVID-19 pandemic.  Plaintiff indicates that he has requested extensions of time. (ECF No. 22 at 2.)  However, the court notes that the docket in this action does not reflect that any motions for extensions of time were filed.

Plaintiff argues counsel should have been appointed because he has trouble reading, writing, and has vision issues.  He further states he is not able to understand information being relayed to him and remembering things because of his brain injury.  (ECF No. 22 at 3-4.)

Plaintiff also states the office of the Attorney General sent him a letter in connection with this case seeking plaintiff's signature to allow the release of his medical records.  He also references a discovery motion and reiterates his argument that counsel should be appointed to assist him.  (ECF No. 22 at 4-6.)  It appears that plaintiff is confusing the instant case with another action filed in this district, Cardenas v. Edwards, No. 2:19-cv-0691 TLN DMC[1] as the court dismissed the prior complaints for failure to state a claim and defendants have not appeared in this action.

**III.    Legal Standards**

Because plaintiff filed his motion to vacate the judgment within twenty-eight days of the court's entry of judgment, the court construes the motion as a motion to alter or amend the

////

---

[1] The court notes that case No. 2:19-cv-0691 contains the same defendants and substantially similar allegations as those in the instant case.

2

judgment under Federal Rule of Civil Procedure 59(e).  See Lee-Thomas v. Prince George's County Public Schools, 666 F.3d 244, 247 n.4 (4th Cir. 2012).

A rule 59(e) motion to alter or amend the judgment is an "'extraordinary remedy which should be used sparingly.'"  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).  In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell, 197 F.3d at 1255 n.1).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal., Local Rule 230(j)(3)-(4).

**IV.    Analysis**

As stated above, it appears from the record that plaintiff's address changed twice after the findings and recommendations were issued.  (ECF Nos. 18, 19.)  Court records further reflect that document was reserved on plaintiff at his updated address.  There is nothing in the record to indicate that the findings and recommendations were returned.  However, plaintiff has averred that he never received the findings and recommendations and his filing of the motion to vacate less than two weeks after judgment was entered supports his contention.  See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (pro se filings should get the benefit of the doubt).

In light of plaintiff's pro se status and out of an abundance of caution, the court will recommend that this action be reopened for the limited purpose of allowing plaintiff the opportunity to file objections to the court's March 16, 2020 findings and recommendations.

////

////

////

3

**V.     Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion to vacate (ECF No. 22) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 10, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1Orders/Prisoner/Civil.Rights/card1066.mtn.vac